The opinion of the Court was delivered by
Johnson, J.
1. The probate of a will in common form, may be revoked, either on a suit by citation, or on appeal; Toller’s Law of Executors, 18; and that at any time within thirty years. Tb. 16. Cockb. Clerk’s Assist. 132.[1] The circumstance, that the probate in this case was granted by the predecessor of the present ordinary, who took upon himself to revoke it, cannot avail the defendants ; because the Court is the same, possesses the same power and jurisdiction in the hands of the present incumbent, as it did in the hands of his predecessor; and the mere fact of a judicial power passing from the hands of one person to another, cannot have the effect of changing the legal rights of the parties.
2. It is said, that after a will has been proven in form of law, an executor cannot be again required to prove it. Clerk’s Assistant, 133. Reasoning by analogy, it would seem, that it was exclusively the duty of the executor to prove it, and that it was equally incumbent on him to defend any contest about it. Besides, from the nature of the trust created, by the office of executor, it becomes exclusively his duty ; and *in this country the range of interest, in the distribution of intestates’ estates, is so extensive, that it might become difficult, if not impossible, for the ordinary, or any other individual, to ascertain who were the persons interested, and thus every order made by the Court of ordinary might become a perpetual source of litigation. There is also another view of this subject. ■ The decree of the Court of Ordinary, revoking the probate of the will, was the judicial act of a court possessing jurisdiction over the subject matter of dispute; and the law holds the exercise of this right so sacred, that no evidence will be permitted to control it, in relation to the subject of dispute, so long as it remains unreversed by the order of a superior tribunal ; Toller’s Law of Executors, 16 ; and this can only be done on an appeal to the Court of Common Pleas, in the manner pointed out by the Act of Assembly.
3. The question of damages was not put in issue by the pleadings, and could not, therefore, be properly the subject of the verdict; but this of *198 itself is not necessarily a sufficient ground for a new trial, as the verdict so far may be considered as surplusage.
Gist, for the motion. Glarlce, Solicitor, contra.
The exception taken to the charge to the jury cannot avail the defendants. The defendants themselves set up the will, and it was incumbent on them to prove it, and they offered no other evidence than the probate,[1] and whether this, probate had been revoked or not, was wholly immaterial, as relates to the lands, as it was incumbent on them to prove it on the trial de novo.
I am of opinion that a new trial ought to be granted on the third ground, in relation to the damages, unless the plaintiffs release those damages.
Colcook, Nott, Cheves, and Gantt, JJ., concurred.

 See Act of 1839, 11 Stat. 41, \ 11.

 See 1 Rich. 569 ; 6 Rich. 477; Act of 1858, 12 Stat. 701, l 3.

 S. C. 259, Supra.

 Street v. Aug. Ins. Co.

 5 Rich., 263.